IN RE RESIGNATION OF GUTH.

[Cite as *In re Resignation of Guth* (1997), ___ Ohio St.3d ___.]

*Attorneys at law — Misconduct — Contempt of Supreme Court by failing to obey court's order to desist and refrain from the practice of law — Thirty days in jail, with jail sentence suspended, and a $500 fine.*

(No. 95-2646 — Submitted November 4, 1997 — Decided December 31, 1997.)

This matter is before the court on the motion of relator, Cleveland Bar Association, for an order requiring respondent, Milton J. Guth of Cleveland, Ohio, Attorney Registration No. 0019441, to appear and show cause why he should not be held in contempt for failing to obey our January 12, 1996 order requiring him to desist and refrain from the practice of law.

On December 22, 1995, respondent submitted his resignation from the Bar after oral argument was scheduled on a final report of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board') in case No. 95-1673, *Cleveland Bar Assn. v. Guth*, recommending that respondent be permanently disbarred. Relator's motion recited that despite the fact that this court accepted respondent's resignation on January 12, 1996, respondent continued to hold himself out as a practicing attorney by appearing for two clients in municipal court in Ashtabula County on January 23, 1996, and by writing to opposing counsel on behalf of another client in February and April 1996. Further, respondent maintained in operation his office telephone number advertised in the Yellow Pages of the phone directory until instructed to disconnect the number by a member of relator's committee.

On April 29, 1997, we ordered respondent to show cause why he should not be held in contempt. On July 11, 1997, we found respondent in contempt and

ordered him to appear before us. In his response to this court, respondent indicated that he had removed himself from pending cases, returned an unused retainer, and that any activity he undertook after his resignation was due, in part, to stress in his personal life.

_____

*Michael E. Murman* and *Gwen Truesdell,* for relator.

*Milton J. Guth, pro se.*

_____

***Per Curiam***. Our January 12, 1996 order accepting respondent's resignation from the Bar directed that respondent "shall cease to hold himself forth as an attorney authorized to appear in the courts of this state; that he shall not attempt, either directly or indirectly, to render services as an attorney or counselor at law to or for any individuals * * *," and that he "desist and refrain from the practice of law in any form * * *."

Nevertheless, respondent did continue to hold himself out as an attorney both in private by corresponding with opposing counsel, and in public by appearing in court and by continuing to maintain his telephone number advertised in the yellow pages. It is no justification that respondent's actions may have been due to stress. Respondent had a continuing responsibility in winding up his affairs as a lawyer to ensure that he took every step to comply with our order.

Because of respondent's contempt in this matter, we hereby sentence him to thirty days in jail, which jail sentence is suspended, and fine him $500. Costs taxed to respondent.

*Judgment accordingly.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

2

MOYER, C.J., and COOK, J., concur and dissent.

_____

COOK, J., concurring and dissenting. Relator argued to this court that without jail time this respondent will receive no meaningful sanction, given that he resigned in the face of a recommendation of permanent disbarment. Accordingly, I agree with the judgment of the majority except that I would suspend only twenty-seven of the thirty days.

MOYER, C.J., concurs in the foregoing opinion.

3